IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON WORD, Independent Administrator of the Estate of JAMES WORD, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 16-cv-10326 |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

**NOW COMES** the plaintiff, SHARON WORD, Independent Administrator of the Estate of JAMES WORD, deceased, by her attorneys, Muslin & Sandberg, through Craig M. Sandberg, and complaining of the defendant states as follows:

**I. INTRODUCTION**

1. This lawsuit results from a failure to provide safe and proper care to JAMES WORD in the course of medical treatment he received at Jesse Brown VA Medical Center, which resulted in injuries and death. This is a suit against the UNITED STATES OF AMERICA under the Federal Tort Claims Act seeking monetary damages and is not subject to any exceptions contained in 28 U.S.C. § 2680.

**II. PARTIES**

**A.     Plaintiff**

2. SHARON WORD is the duly appointed Independent Administrator of the Estate of JAMES WORD, deceased, having been so appointed by the Circuit Court of Cook County, Probate Division to act in that capacity (Case No. 15 P 007930). SHARON WORD is a citizen of

the State of Illinois and resides in Cook County. At the time of his death, JAMES WORD was 83 years old and a citizen of the State of Illinois and residing in Cook County. At the time of his death, JAMES WORD was a "eligible person" as defined by 38 C.F.R. § 1.301(b) and "Veteran" as defined by 38 C.F.R. § 3.1(d).

**B.     Defendant**

3.     UNITED STATES OF AMERICA, through the Department of Veterans Affairs, provides medical care to Veterans. The Veterans Health Administration is America's larges integrated care system with over 1,700 sites of care, serving 8.3 million Veterans each year.

### III. JURISDICTION

4.      The court has jurisdiction over the lawsuit under 28 U.S.C. § 1346(b) because the suit involves a claim against the United States for personal injury caused by the negligent act of a government employee while acting within the scope of his/her employment. This cause of action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

### IV. VENUE

5.     Venue is appropriate in the Northern District of Illinois pursuant to 28 USC § 1402(b) because the act or omission in the complaint occurred in this district.

### V. CONDITION PRECEDENT

6.     On July 27, 2015, the plaintiff served administrative claims with the U.S. Department of Veterans Affairs (received on July 30, 2015) related to the medical care received by JAMES WORD, which resulted in injuries and may have hastened his death on May 17, 2014. In a letter dated May 4, 2016, the U.S. Department of Veterans Affairs denied this claim.

## VI. VICARIOUS LIABILITY

7. Whenever in this petition it is alleged that a defendant did any act or thing, it is meant that the defendant's agents, officers, servants, borrowed servants, employees or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of defendant or was done in the normal and routine course and scope of employment of defendant's officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

## VII. FACTS

8. At all times material herein, the UNITED STATES OF AMERICA employed various physicians, nurses, technicians and/or other healthcare professionals at Jesse Brown VA Medical Center that acted as its actual and/or apparent agents and/or employees relative to the care rendered to JAMES WORD.

9. At all times material herein, the UNITED STATES OF AMERICA employed various physicians, nurses, technicians and/or other healthcare professionals at Jesse Brown VA Medical Center that were deemed to be employees of the UNITED STATES OF AMERICA pursuant to 42 U.S.C. § 233, for purposes of the Federal Tort Claims Act.

10. In or about August 2010, JAMES WORD was diagnosed with prostate cancer.

11. On January 20, 2011, JAMES WORD undergoes placement of right 10-French nephrouretreral stent.

12. On March 24, 2011, due to ureteral obstruction related to prostate cancer, JAMES WORD undergoes conversion of left nephroureteral catheter to internal ureteral stent.

13. On February 23, 2012, JAMES WORD is noted to have some hydronephrosis and dilation of the proximal two thirds of the left ureter and marked hydronephrosis on the right.

14. On September 26, 2012, JAMES WORD underwent evaluation of, *inter alia*, his previously-placed bilateral ureteral stents

15. On April 9, 2013, JAMES WORD underwent evaluation of, *inter alia*, his previously-placed bilateral ureteral stents.

16. On September 17, 2013, JAMES WORD presented with hematuria and neutropenic fevers with worsening hydronephronsis and, thereafter, underwent placement of bilateral 10 french percutaneous nephrostomy ("PCN") tubes.

17. September 19, 2013, JAMES WORD underwent removal of right percutaneous nephrostomy tube due to retraction outside the kidney.

18. On November 7, 2013, JAMES WORD underwent a bilateral percutaneous nephrostomy tube exchange and removal of right double J stent and bilateral antegrade nephrostograms.

19. On May 17, 2014, JAMES WORD died.

20. That at all times relevant herein, JAMES WORD was in the exercise of due care and caution for his own safety and well being and following the laws of the State of Illinois.

<u>COUNT I</u>
(**WRONGFUL DEATH – UNITED STATES OF AMERICA**)

21. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1 through 20.

22. Under the Federal Tort Claims Act, the UNITED STATES OF AMERICA is liable for the above-described actions of the federal agents, as they were acting within the scope of their employment.

23. That at all times complained of herein, the UNITED STATES OF AMERICA had a duty to avoid needlessly endangering patients.

24. That at all times complained of herein, the UNITED STATES OF AMERICA had an independent duty to assume responsibility for the care of the patients.

25. That at all times complained of herein, the agents and/or employees of the UNITED STATES OF AMERICA had a duty to exercise that degree of care, skill, and caution in administering medical care and treatment to JAMES WORD that a reasonably trained health care professional in the same or similar community at that time would exercise in the same or similar case under like circumstances.

26. That at all times complained of herein, the UNITED STATES OF AMERICA had a duty to exercise that degree of care, skill, and caution in administering medical treatment and services to patients, including JAMES WORD, that a reasonably licensed health care facility operating in the same or similar community would exercise under the same or similar circumstances.

27. UNITED STATES OF AMERICA, by and through the actions and/or omissions of its employees, agents and/or apparent agents, breached its duties and was negligent in one or more of the following respects:

   a) Failing to make proper assessments of JAMES WORD'S ureteral stents;
   b) Failing to make a proper assessment of ureteral stent patency; and
   c) Failing to ensure patency of JAMES WORD'S ureteral stents.

28. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the defendant, the decedent, JAMES WORD, suffered significant and permanent injuries.

29. That SHARON WORD, Independent Administrator of the Estate of JAMES WORD, deceased, brings this action pursuant to the Wrongful Death Act of the State of Illinois 740 ILCS 180/2.1.

30. Attached hereto as Exhibit "A" and made a part hereof is an affidavit submitted in compliance with Section 2-622(a)(2) of the Illinois Code of Civil Procedure.

31. **WHEREFORE** the plaintiff, SHARON WORD, Independent Administrator of the Estate of JAMES WORD, deceased, prays this court for damages according to proof and for such other and further relief as this Court deems just.

## COUNT II
(SURVIVAL – UNITED STATES OF AMERICA)

32. Plaintiff repeats, realleges, and incorporates paragraphs one (1) through twenty-seven (27) of Count I with the same force and effect as though fully set forth herein.

33. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the defendant, the decedent, JAMES WORD, suffered significant and permanent injuries.

34. This cause of action has survived the plaintiff's decedent and accrued to the plaintiff, SHARON WORD, Independent Administrator of the Estate of JAMES WORD, deceased, pursuant to the Survival Act of the State of Illinois 755 ILCS 5/27-6.

35. Attached hereto as Exhibit "A" and made a part hereof is an affidavit submitted in compliance with Section 2-622(a)(2) of the Illinois Code of Civil Procedure.

**WHEREFORE** the plaintiff, SHARON WORD, Independent Administrator of the Estate of JAMES WORD, deceased, prays this court for damages according to proof and for such other and further relief as this Court deems just

        Respectfully submitted,

        MUSLIN & SANDBERG

        By:    /s/Craig M. Sandberg
                  CRAIG M. SANDBERG
                  19 S. LaSalle Street, Suite 700
                  Chicago, Illinois 60603
                  (312) 263-7249

Dated: November 3, 2016