IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON WORD, Independent Administrator of the Estate of JAMES WORD, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 16-cv-10326 |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**MOTION FOR 35-DAY EXTENSION TO FILE 2-622(a)(1) AFFIDAVIT AND REPORT OR, IN THE ALTERNATIVE, MOTION TO VOLUNTARILY DISMISS <u>CAUSE OF ACTION WITHOUT PREJUDICE</u>**

**NOW COMES** the plaintiff, Sharon Word, Independent Administrator of the Estate of James Word, deceased, by her attorneys, Muslin & Sandberg, through Craig M. Sandberg, moves this Honorable Court for a 35-day extension of time to file her 2-622(a)(1) affidavit and report or, in the alternative, pursuant to Rule 41(a)(2) of Federal Rules of Civil Procedure, to permit her to voluntarily dismiss her cause of action without prejudice with leave to refile within one year. In support thereof, the plaintiff states as follows:

1. This is a medical malpractice matter arising out of the care and treatment received by the decedent at Jesse Brown VA Medical Center, which resulted in his death on May 17, 2014.[1] (DE 1) Plaintiff contends this is an action brought pursuant to Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

2. On November 3, 2016, the plaintiff filed her original complaint at law, along with her counsel's 2-622(a)(2) affidavit. That affidavit indicates that the matter was filed when it was

---

[1] Citations made to the docket will be denoted as "DE ____."

because counsel "was unable to obtain a consultation, as required by 735 ILCS 5/2-622(a)(1), because the statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations." Further, the affidavit indicates that the required affidavit and written report will be filed within 90 days (pursuant to that statute). So, the deadline for filing the same is February 1, 2017.

3. State law governs the merits of the plaintiff's tort claim. *Kaniff v. United States*, 351 F.3d 780, 790 (7th Cir. 2003). Section 5/2-622 is a pleading requirement designed to reduce frivolous lawsuits, not a substantive defense which may be employed to bar a plaintiff who fails to meet its terms. *DeLuna v. St. Elizabeth's Hosp.*, 147 Ill. 2d 57, 65 (1992). This is a substantive requirement of Illinois law. *Hahn v. Walsh*, 762 F.3d 617, 629-33 (7th Cir. 2014) (diversity jurisdiction context), *cert. denied*, 135 S. Ct. 1419 (2015). The plaintiff in a medical malpractice action should be allowed every reasonable opportunity to establish his or her case. Accordingly, the statute should be liberally construed and not mechanically applied to deprive a plaintiff of his or her substantive rights. *Schroeder v. Northwest Cmty. Hosp.*, 371 Ill. App. 3d 584, 595 (1st Dist. 2006). Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILCS § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. *See also*, *Weaver v. Harbinson*, 16-cv-271 (S.D. Ill. 2016) (granting *pro se* inmate 35 days following dismissal without prejudice to file the required affidavit/certificate).

4. With all due diligence and giving all possible preference to the preparation of the brief, the undersigned will be unable to secure the necessary health professional's report by the due date because of the press of other assigned work and other matters including, but not limited to the following:

a. The undersigned had a pre-paid family vacation wherein he was out of the office from December 16, 2016 through January 2, 2017;

b. Preparing and drafting the plaintiff / counter-defendant –appellant's opening brief response in the matter of *Enadeghe v. Dahms* (Case No. 1-16-2170) in the Appellate Court of Illinois, First District;

c. Prepared and drafted multiple jurisdictional statements in the interlocutory appeal of the matter of *Baylay v. Etihad Airways P.J.S.C.* (Case No. 16-4113) in the United States Court of Appeals for the Seventh Circuit, which was filed February 1, 2017;

d. Began preparing and drafting the plaintiff-appellant's opening brief response in the interlocutory appeal of the matter of *Baylay v. Etihad Airways P.J.S.C.* (Case No. 16-4113) in the United States Court of Appeals for the Seventh Circuit, which is due on February 13, 2017;

e. Prepared and draft initial complaint in the medical malpractice matter entitled *Brown v. Fogg* in the Circuit Court of Sullivan County (Kingsport, TN) (Case No. C41754 (M)), which was filed on January 9, 2017;

f. Prepared and draft initial complaint in the medical malpractice matter entitled *Thorpe v. Fogg* in the Circuit Court of Sullivan County (Kingsport, TN) (Case No. C41755 (C)), which was filed on January 9, 2017;

g. Prepared and drafted initial complaint in the medical malpractice matter entitled *Olsen v. Northwestern Medical Faculty Foundation* in the Circuit Court of Cook County (Case No. 17 L 000530), which was filed on

January 17, 2017;

h. Prepared and drafted the plaintiff's SCR 213(f)(3) disclosures in the matter of *Moore v. Joob* in the Circuit Court of Cook County (Case No. 16 L 000322), which was served on January 20, 2017;

i. Prepared and drafted initial complaint in a premises liability matter entitled *Kropp v. Optima* in the Circuit Court of Cook County, which was filed on January 20, 2017;

j. Prepared and drafted initial complaint in the medical malpractice matter entitled *Nelson v. Alden-Princeton Rehabilitation and Health Care Center, Inc.* in the Circuit Court of Cook County (Case No. 17 L 000707), which was filed on January 20, 2017;

k. Travel to Uniondale, New York to take the defendant's expert witness (critical care specialist and pulmonologist) in the matter of *Anderson v. Advocate Condell Med. Ctr.* (Case No. 14 L 648) on January 30, 2017.

5. In the alternative, Plaintiff requests that the dismissal be "without prejudice" with leave to refile within one (1) year. 735 ILCS 5/13-217. "Section 13–217 provides a plaintiff with the right to refile the cause of action within one year of the date of the dismissal order, regardless of the fact that the statute of limitations may have run during that time." *Fiorito v. Bellocchio*, 999 F.E.2d 42, 44 (1st Dist. 2013). "The Illinois Supreme Court has deemed § 5/13–217 a 'savings statute, with the purpose of facilitating the disposition of litigation on the merits.' ". *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 970 (7th Cir. 2013) (citing and quoting *S.C. Vaughan Oil co v. Caldwell Troutt and Alexander*, 693 N.E.2d 338, 342 (Ill. 1998)).

6. "Motions for voluntary dismissal under Rule 41(a)(2) are committed to the district court's discretion, but it is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer 'plain legal prejudice' as a result." *Wojtas v. Captial Guardian Trust Co.*, 477 F.3d 924 (7th Cir. 2007).

7. Counsel for the plaintiff contacted counsel for the defendant (AUSA Jeffrey Hansen) regarding this request and could not obtain counsel's agreement and, thus, this motion became necessary.

**WHEREFORE**, the plaintiff, Sharon Word, Independent Administrator of the Estate of James Word, deceased, respectfully requests this Honorable Court grant her motion and give her a 35-day extension of time to file her 2-622(a)(1) affidavit and report or, in the alternative, pursuant to Rule 41(a)(2) of Federal Rules of Civil Procedure, to permit her to voluntarily dismiss her cause of action without prejudice with leave to refile within one year.

Respectfully submitted,

MUSLIN & SANDBERG

By: /s/Craig M. Sandberg
CRAIG M. SANDBERG
19 S. LaSalle Street, Suite 700
Chicago, Illinois 60603
(312) 263-7249

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

1. **Plaintiff's Motion for 35-Day Extension to File 2-622(a)(1) Affidavit and Report or, in the Alternative, Motion to voluntarily Dismiss Cause of Action Without Prejudice.**

was served pursuant to the district court's ECF system as to ECF filers.

                By:    /s/Craig M. Sandberg
                          CRAIG M. SANDBERG
                          19 S. LaSalle Street, Suite 700
                          Chicago, Illinois 60603
                          (312) 263-7249