IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON WORD, Independent Administrator of the Estate of JAMES WORD, deceased, | )<br>)<br>) |
| Plaintiff, | ) Case No. 16-cv-10326 |
| vs. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**AMENDED PETITION FOR SETTLEMENT OF
WRONGFUL DEATH ACTION, FOR A FINDING OF DEPENDANCY, AND
APPROVAL OF ATTORNEY'S FEES AND DISBURSEMENTS**

**NOW COMES** the Plaintiff/Petitioner, Sharon Word, Independent Administrator of the Estate of James Word, deceased, by her attorneys, Muslin & Sandberg, through Craig M. Sandberg, and requests that this Court enter an order in accordance with the provisions set forth herein. In support thereof, the petitioner states as follows:

1. This lawsuit alleges that 83-year old James Word was injured in the course of medical treatment he received at Jesse Brown VA Medical Center ("Jesse Brown VA"), which resulted in injuries and may have hastened his death on May 17, 2014. This is a suit against the United States of America under the Federal Tort Claims Act ("FTCA") seeking monetary damages.

2. On May 17, 2014, James Word died and, according to the Certificate of Death, the immediate cause of death was metastatic prostate cancer. However, the allegations contained in the complaint related to the defendant's failure to timely exchange ureteral stents between January/March 2011 and May 2013 (when they are typically exchanged every 2-6 months), which permitted them to become encrusted or partially occluded in the lumen of the stent—rendering them

a problem and ineffective for this "fragile" patient. Plaintiff's consultant opined that, as a result, James Word developed an increase (elevation) in his creatinine levels. Further, the consultant believed the increased (elevated) creatinine levels reflects a worsening of his kidney function, which is an indication of further injury to his kidneys beyond the underlying disease process.

3. After lengthy and well-spent settlement negotiations, the defendant (United States of America) offered a total of $50,000.00 in full and final settlement.

4. After consultation with her attorneys, Sharon Word, Independent Administrator of the Estate of James Word, deceased, has agreed that it is in the best interests of the next-of-kin of James Word to accept the settlement offer of $50,000.00, considering the possibility of an adverse jury verdict, and the facts and circumstances of the liability and damages issues present in this matter. Likewise, the attorneys for the plaintiff believe that this settlement offer is fair and reasonable after considering all of the relevant factors. Sharon Word, Independent Administrator of the Estate of James Word, deceased, has agreed to accept the $50,000.00 settlement offered by the defendant, and to dismiss this matter.

5. Steven B. Muslin, Ltd. d/b/a Muslin & Sandberg was retained on the basis of the fee schedule set forth in an Attorney-Client Agreement and the FTCA, which in this case is as follows:

| | |
|---|---|
| 25% of the $50,000.00 recovered | $12,500.00 |
| Total Attorneys' Fees | $12,500.00 |

6. Steven B. Muslin, Ltd. d/b/a Muslin & Sandberg was retained as attorneys to represent the Estate of James Word in this complex medical malpractice case.

7. The law firm of Steven B. Muslin, Ltd. d/b/a Muslin & Sandberg is a two-person law firm responsible for litigating this matter, whose efforts included reviewing all medical records, attending all depositions, meticulously preparing all discovery, and keeping the plaintiff promptly

informed of all litigation developments. Prior to the trial and ultimate settlement of this action, the attorneys for the plaintiff performed, among other things, the following services:

 a. Agreed to review a complicated medical negligence case prior to the running of the Statute of Limitations;

 b. Reviewed extensive medical records relating to the care and treatment provided to James Word;

 c. Prior to filing the case, filed the necessary Form 95 with the Department of Veterans Affairs;

 d. Prior to filing the case, retained and consulted with an expert and obtained a written affidavit required in order to file the case with the Court;

 e. Filed with the Court a medical negligence action prior to the running of the statute of limitations;

 f. Proceeded with written discovery including requesting and answering interrogatories and requests for production from the defendant;

 g. Prepared for an attended the deposition of Sharon Word;

 h. Consulted with numerous potential expert witnesses and extensively researched the medical literature in an attempt to garner support for the plaintiff's claims;

 i. Extensively researched the medical literature in an attempt to garner support for the claim of medical negligence as well as to establish causation between defendant's alleged negligence and James Word's injuries;

 j. Participated in settlement negotiations which eventually culminated in the procurement of a successful settlement offer in the resolution of a highly-disputed matter;

 k. Appeared for multiple case status calls before the Court; and

 l. Expended in total $5,517.12 in expenses directly related to this litigation, paid up front by the attorneys, in a case with no guaranteed results, which was being vigorously defended and settled the day before trial was to commence.

 8. Muslin & Sandberg incurred expenses attributable to this lawsuit in the amount of $5,517.12. An itemized list of expenses are as follows:

```
Expert Consultant Fee………………………………………………………………………$3,900.00
Court Costs – Opening of Probate Estate……………………………………………………$444.00
Court Costs – Filing of Complaint in Federal Court………………………………………..$400.00
Court Costs – Publication in Law Bulletin Related to Probate Estate………………………$215.00
Medical Records – Department of Veterans Affairs………………………….........................$437.85
Federal Express……………………………………………………………………………….$73.57
Postage………………………………………………………………………………..................$46.70
TOTAL………………………………………………………………………………….$5,517.12
```

9.      All of the aforementioned are related to pursuing this cause of action. The expert consulting fee ($3,900) represents 6.5 hours x $600/hour for the consultant's time to review the medical chart (in excess of 2,500 pages) and consult with counsel. As this Court knows, the plaintiff is unable to pursue this cause of action without such a report. As such, it is a necessary expense incurred in the assertion of the plaintiff's rights. State law governs the merits of the plaintiff's tort claim. *Kaniff v. United States*, 351 F.3d 780, 790 (7th Cir. 2003). A plaintiff is unable to pursue a medical negligence claim without obtaining a health care professional's report. *DeLuna v. St. Elizabeth's Hosp.*, 147 Ill. 2d 57, 65 (1992). This is a substantive requirement of Illinois law. *Hahn v. Walsh*, 762 F.3d 617, 629-33 (7th Cir. 2014) (diversity jurisdiction context), *cert. denied*, 135 S. Ct. 1419 (2015). Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILCS § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

10.     The probate matter had to be opened ($444.00) and published ($215.00) in order to appoint a personal representative. When the Department of Veterans Affairs declined to resolve the claim pre-suit (following the submission of the Form 95), the lawsuit had to be filed ($400.00).

11.     The next-of-kin of the decedent are the following individuals: 1) Sharon D. Word, decedent's daughter; 2) James F. Word, decedent's son; and 3) Janet L. Barnes, decedent's daughter.

12. The next-of-kin of the decedent have agreed to waive notice of hearing on the finding of dependency and agreed to a finding of dependency as follows:

| | |
|---|---|
| Sharon D. Word | 33 1/3% |
| James F. Word | 33 1/3% |
| Janet L. Barnes | 33 1/3% |

13. That the net amount distributable to the next-of-kin from the total settlement is $31,982.90. The distribution to the next-of-kin would be as follows:

| | | |
|---|---|---|
| Sharon Word | 33 1/3% | $10,660.96 |
| James Word | 33 1/3% | $10,660.96 |
| Janet Barnes-Woods | 33 1/3% | $10,660.96 |

**WHEREFORE**, the Plaintiff/Petitioner, Sharon Word, Independent Administrator of the Estate of James Word, deceased, prays for the entry of an Order finding that:

A. The settlement amount as set forth in Paragraph 2 above is fair and reasonable;

B. Muslin & Sandberg is entitled to attorneys' fees in the amount of $12,500.00.

C. Muslin & Sandberg is entitled to reimbursement of expenses in the amount of $5,517.12;

D. The next-of-kin of the decedent and their percentage of dependency and net distribution amount is:

| | | |
|---|---|---|
| Sharon Word | 33 1/3% | $10,660.96 |
| James Word | 33 1/3% | $10,660.96 |
| Janet Barnes-Woods | 33 1/3% | $10,660.96 |

  E. That Sharon Word, Independent Administrator of the Estate of James Word, deceased, is authorized and directed to execute such releases as are necessary to effectuate the settlement;

  F. That settlement be approved and the Independent Administrator shall distribute the proceeds in accordance with the provisions of the order.

  G. That this matter be dismissed with prejudice and without costs.

  **WHEREFORE**, the Plaintiff/Petitioner, Sharon Word, Independent Administrator of the Estate of James Word, deceased, prays that this Honorable Court enter an order in accordance with the provisions set forth in this Petition.

        Respectfully submitted,

        MUSLIN & SANDBERG


        By: /s/Craig M. Sandberg
           CRAIG M SANDBERG
           19 S. LaSalle Street, Suite 700
           Chicago, Illinois 60603
           (312) 263-7249

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

1. **Amended Petition for Settlement of Wrongful Death Action, for a Finding of Dependency, and Approval of Attorney's Fees and Disbursements.**

were served pursuant to the district court's ECF system as to ECF filers.

By: /s/Craig M. Sandberg
CRAIG M SANDBERG
19 S. LaSalle Street, Suite 700
Chicago, Illinois 60603
(312) 263-7249